UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PIERRE-JONES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>I. CAMPOS, et al.,<br><br>　　　　Defendants. | Case No.: 1:23-cv-1372-ADA-SKO (PC)<br><br>**ORDER REGARDING PLAINTIFF'S REQUEST TO AMEND THE COMPLAINT**<br><br>(Doc. 7) |

Plaintiff David Pierre-Jones is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.　　BACKGROUND**

This action was removed to this Court from the Kings County Superior Court on September 15, 2023, by Defendants Campos-Garcia and Placencia. (*See* Doc. 1.)

On September 20, 2023, this Court issued its First Informational Order In Prisoner/Civil Detainee Civil Rights Case. (Doc. 5.)

On October 12, 2023, Plaintiff submitted correspondence to the Court,[1] "seeking to amend [his] complaint and file a motion in the courtroom [he's] been appointed to." (Doc. 7.) He states he has been unable to obtain a "federal civil complaint and summons" at his current institution, and that the "prison is experiencing a severe shortage of law library staffing." (*Id*.) Further,

---
[1] The document was docketed as a "Motion to Amend the Notice of Removal."

1  Plaintiff is assigned to a restricted housing unit and cannot seek his family's assistance in
2  obtaining the necessary forms. (*Id.*) He asks the Court to send "a copy of a federal civil summons
3  and complaint," so that he "can continue with [his] case appropriate and effectively." (*Id.*)

4  **II.    DISCUSSION**

5  The Court construes Plaintiff's correspondence as a request for a copy of a civil rights
6  complaint form, rather than as a motion to amend the complaint. Plaintiff states he seeks to
7  amend his complaint and to "file a motion," but lacks access to the proper form at his present
8  institution. The Court will direct the Clerk of the Court to provide Plaintiff with this Court's
9  amended civil rights complaint form.  The Court also provides some basic information for
10 Plaintiff's consideration.

11 Plaintiff is advised that once a responsive pleading is filed, a plaintiff can amend a
12 complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P.
13 15(a)(2). "The court should freely give leave when justice so requires." *Id.*; *see also Morongo*
14 *Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (stating that leave to amend
15 is to be granted with "extreme liberality"). "The power to grant leave to amend, however, is
16 entrusted to the discretion of the district court, which determines the propriety of a motion to
17 amend by ascertaining the presence of any of four factors: bad faith, undue delay, prejudice to the
18 opposing party, and/or futility." *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (quotation
19 marks & citation omitted). Generally, amendments adding claims are granted more freely than
20 amendments adding parties. *Union Pacific R.R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432
21 (9th Cir. 1991).

22 Here, because Defendants have removed this action from the state court to this Court,
23 Plaintiff can amend his complaint by obtaining the Defendants' written consent or leave of Court.
24 Fed. R. Civ. P. 15(a)(2). In seeking this Court's leave to file an amended complaint, Plaintiff's
25 motion should include as an attachment his proposed amended complaint. *See* Local Rules 137(c)
26 & 220.

27 To the extent Plaintiff seeks a summons or summonses from this Court, his request is
28 unnecessary.  Defendants have appeared in this action by way of filing a notice of removal in this

Court. In the notice of removal, Defendants indicate they were "served copies of the Summons and Complaint" on August 17, 2023. (*See* Doc. 1 at 2.) Therefore, in the event Plaintiff is permitted to file an amended complaint in this action, service of a summons is neither required, nor necessary.

Plaintiff's original complaint is pending screening by this Court as required by 28 U.S.C. § 1915A. Should Plaintiff seek to file a motion for leave to amend his complaint, he will be directed to do so within thirty days of the date of this order. Assuming Plaintiff files the motion in accordance with this Court's Local Rules and the Federal Rules of Civil Procedure, and the motion is granted, service of the first amended complaint will not be necessary. Only after the Court has had the opportunity to screen any amended complaint and only after the Court has determined any amended complaint states cognizable claims, will Defendants be required and directed to file a responsive pleading.

Finally, Plaintiff is advised of the legal standards applicable to an Eighth Amendment excessive force claim. "[T]he unnecessary and wanton infliction of pain on prisoners constitutes cruel and unusual punishment" in violation of the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 328 (1986) (internal quotation marks & citation omitted). As courts have succinctly observed, "[p]ersons are sent to prison as punishment, not *for* punishment." *Gordon v. Faber*, 800 F. Supp. 797, 800 (N.D. Iowa) (quoting *Battle v. Anderson*, 564 F.2d 388, 395 (10th Cir. 1977)) (citation omitted). "Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks & citation omitted). A correctional officer engages in excessive force in violation of the Cruel and Unusual Punishments Clause if he (1) uses excessive and unnecessary force under all the circumstances, and (2) "harms an inmate for the very purpose of causing harm," and not "as part of a good-faith effort to maintain security." *Hoard v. Hartman*, 904 F.3d 780, 788 (9th Cir. 2018). In other words, "whenever prison officials stand accused of using excessive physical force …, the core judicial inquiry is … whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). In making this determination, courts may consider

"the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Id.* at 7. Courts may also consider the extent of the injury suffered by the prisoner. *Id.* However, the absence of serious injury is not determinative. *Id.*

### III.    CONCLUSION AND ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED** that:

1. The Clerk of the Court is directed to send Plaintiff an amended civil rights complaint form and to terminate the motion reflected in docket entry number seven;

2. Plaintiff **SHALL** file a motion for leave to file an amended complaint, accompanied by the proposed amended complaint, **within 30 days** of the date of service of this order; and

3. Should Plaintiff elect not to seek this Court's leave to amend his complaint within 30 days, the Court will screen Plaintiff's original complaint, as required by 28 U.S.C. § 1915A, in due course.

IT IS SO ORDERED.

Dated:   **October 16, 2023**                    /s/ *Sheila K. Oberto*
                                                              UNITED STATES MAGISTRATE JUDGE

4