1
2
3
4
5
6
7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    DAVID PIERRE-JONES,                    Case No.: 1:23-cv-1372-KES-SKO (PC)

12                      Plaintiff,
                                              **ORDER REGARDING PLAINTIFF'S**
13          v.                                **FILING OF JUNE 20, 2024**

14    I. CAMPOS, et al.,                      (Doc. 29)

15                      Defendants.

16

17          Plaintiff David Pierre-Jones is proceeding pro se in this civil rights action pursuant to 42

18    U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment excessive force claims

19    against Defendants Campos-Garcia and Plascencia after removal from the Kings County Superior

20    Court.

21          **I.      INTRODUCTION**

22          Following screening of Plaintiff's first amended complaint, Defendants filed an answer on

23    March 25, 2024. (Doc. 18.) The parties filed notices with the Court indicating they wished to

24    participate in an early settlement conference. (Docs. 22-24.)

25           On May 31, 2024, the Court issued its order setting this matter for a settlement

26    conference, to be held July 31, 2024, before Magistrate Judge Erica P. Grosjean. (*See* Doc. 26;

27    *see also* Doc. 25 [minute order].)

28

On June 10, 2024, Judge Grosjean issued a minute order continuing the settlement conference to August 20, 2024, noting the continuance was "[p]ursuant to the request by defense counsel and with the agreement of the plaintiff." (*See* Doc. 27.) The undersigned issued an Amended Order Scheduling Settlement Conference for August 20, 2024, at 1:00 p.m. before Judge Grosjean.

On June 20, 2024,[1] Plaintiff filed an untitled document with the Court.[2] (Doc. 29.) Plaintiff states he has been "experiencing repeated forms of retaliation" by Kern Valley State Prison staff, and alleges his legal mail has been opened outside of his presence and certain documents have been withheld from him. (*Id.*) Plaintiff requests that the Court re-send "ECF #26" and "ECF #27" as well as a blank civil rights complaint form and fee waiver form with "at least two pages worth of the attachments," so that he may "list how many Defendants [he plans] to include …." (*Id.*) Plaintiff states he "did not consent to a rescheduling of the upcoming settlement conference." (*Id.*) Plaintiff states he received the minute order issued May 30, 2024, setting the scheduling conference for July 31, 2024, and the amended order, issued June 11, 2024, continuing the scheduling conference to August 20, 2024. (*Id.*) He states he "do[es] not wish to re-schedule any more settlement conferences and if this court receives one addressed from [him] it is a forgery." (*Id.*) It appears that Plaintiff is asking the Court to hold the settlement conference as originally scheduled. (*Id.*)

## II.   DISCUSSION

### *Copy Requests*

Generally, the Clerk's Office will provide copies for Plaintiff at a cost of 50 cents per page.  Under these circumstances, the Court will make a one-time exception and will direct the Clerk's Office to provide copies of docket entries 26 and 27[3] to Plaintiff at no charge.  Plaintiff is

---

[1] On this same date, Plaintiff filed his Notice of Submission of Confidential Settlement Statement (Doc. 30) and submitted the confidential statement for Judge Grosjean's consideration (Doc. 31 [sealed]).

[2] The document was docketed by the Clerk of the Court as "Objection to the Rescheduling of Settlement Conference and Request for Documents."

[3] The Court's records indicate these documents were served on Plaintiff via U.S. Mail on the same date they were issued and/or entered.

advised that any further requests for copies will need to be paid for by Plaintiff. *See, e.g., Blair v. CDCR*, No. 1:14-cv-01156-LJO-SAB (PC), 2018 WL 1959532, at *6, n.2 (E.D. Cal. Apr. 25, 2018) (neither plaintiff's pro se status nor his prisoner status entitle him to receive complimentary copies).

### Request for Civil Rights Complaint Form and Fee Waiver Form

The Clerk of the Court will also be directed to send Plaintiff a blank civil rights complaint form and a blank fee waiver form as a one-time courtesy.[4]

The Court presumes Plaintiff's request for forms relates to the assertion that his legal mail has been tampered with and withheld. Plaintiff is advised that while he may allege a First Amendment right to receive mail claims against officials at Kern Valley State Prison, he may not assert such claims in this action. Any allegation pertaining to his mail will need to be made in a separate action concerning those claims. *See* Fed. R. Civ. P. 18, 20.

### The Continuance of the Settlement Conference

The settlement conference originally scheduled before Judge Grosjean on July 31, 2024, was continued to August 20, 2024, at the request of defense counsel. (*See* Doc. 27 [minute order].)  The minute order states defense counsel advised Judge Grosjean's staff that Plaintiff agreed to the requested continuance. (*Id*.) Plaintiff states he did not agree to the continuance. (Doc. 29.)

Plaintiff is advised the reference to his agreement in the Court's minute order is a clerical error. Defense counsel did not assert Plaintiff agreed to a continuance. Instead. defense counsel advised Judge Grosjean's chambers that she had a scheduling conflict on July 31, 2024, despite previously identifying that date as available, and sought a continuance because she was unavailable. Simply put, no wrongful or erroneous assertion concerning Plaintiff's agreement to a date change occurred. Rather, the Court's minute order includes a clerical error in that regard.

---

[4] Forms are also available at https://www.caed.uscourts.gov/caednew/index.cfm/forms/civil/. Plaintiff is further advised he may use a blank sheet of paper to list any defendants that cannot be listed on the form itself.

The settlement conference will remain calendared before Judge Grosjean on August 20, 2024, at 1:00 p.m., and the deadlines provided in the amended order issued June 11, 2024, will remain unchanged. Judge Grosjean, defense counsel, and the video conferencing facilities at Kern Valley State Prison are available on that date. Plaintiff has not indicated he is unavailable on August 20, 2024, or offered a specific reason why the settlement conference cannot go forward on that date. Plaintiff's preference for the original date cannot be accommodated where defense counsel is unavailable to participate.

### III.    CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1.  The Clerk of the Court is **DIRECTED** to send Plaintiff copies of docket entries 26 and 27, as well as blank civil rights complaint and fee waiver forms, as a one-time courtesy; and

2.  The settlement conference will proceed before Magistrate Judge Erica P. Grosjean on **August 20, 2024, at 1:00 p.m.** via video conferencing.

IT IS SO ORDERED.

Dated:   __**June 22, 2024**__                        ___/s/ *Sheila K. Oberto*___
                                                                          UNITED STATES MAGISTRATE JUDGE